UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEANGELO A GREEN,

Plaintiff,

v.

MARGARET GILBERT, MICHAEL
GLEASON, JOHN DOE, JANE DOE,

Defendants.

CASE NO. 3:17-CV-05898-RBL-DWC

ORDER TO FILE AMENDED
COMPLAINT

Plaintiff DeAngelo A. Green, proceeding *pro se*, filed this civil rights complaint under 42

U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A,

the Court finds Plaintiff has failed to state a claim but provides Plaintiff leave to file an amended

pleading by January 8, 2018, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is housed at Washington State Penitentiary, alleges his constitutional rights

were violated when Defendants Margaret Gilbert and Michael Gleason negligently failed to

protect him. Dkt. 3. Plaintiff alleges inmate Matthew Holt put a "hit" on Plaintiff. *Id*. Plaintiff

was attacked and correctional employees failed to protect him from the assault. *Id*.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

**I.      Personal Participation**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff names the following Defendants: Margaret Gilbert, Michael Gleason, John Doe 1-10, and Jane Doe 1-10. Dkt. 3. Plaintiff fails to state the alleged wrong-doing of any Defendant in this case. He provides detailed information regarding his interactions with fellow inmates incarcerated in Washington State correctional facilities. *Id*. He, however, fails to explain what actions or inactions by Defendants resulted in deliberate indifference to a serious risk of harm. *See id*. Rather, Plaintiff provides only a generalized statement alleging Defendants were deliberately indifferent to Plaintiff's needs by negligently failing to protect him. Plaintiff's conclusory allegations are insufficient to show Defendants personally participated in the alleged constitutional violations. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

The Court notes Defendants Gilbert and Gleason hold supervisory positions. *See* Dkt. 3. Plaintiff cannot bring § 1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

## II.     Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the

action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

The Court notes Plaintiff attached a personal declaration to the Complaint. *See* Dkt. 3. The declaration is over 35 pages long. *Id*. It repeats several of the allegations in the Complaint and adds additional factual assertions. *Id*. If Plaintiff wishes the Court to consider the allegations in the declaration, he must include those factual assertions in the Complaint. Further, the Court reminds Plaintiff that Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Plaintiff's amended complaint must comply with Rule 8.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before January 8, 2018, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 6th day of December, 2017.

David W. Christel
United States Magistrate Judge