UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEANGELO A GREEN,

                Plaintiff,

    v.

MARGARET GILBERT, et al.,

                Defendants.

CASE NO. C17-5898 RBL-DWC

ORDER

THIS MATTER is before the Court on Plaintiff Green's "Motion for Objection" [Dkt. # 44] to the Magistrate Judge's Order [Dkt. # 37] Denying his Motion for appointment of counsel [Dkt. # 22].

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances

requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Green has not shown the required exceptional circumstances. The Magistrate Judge's Order is not clearly erroneous or contrary to law, and it is AFFIRMED. *See* Rule 72 (a).

The Motion is DENIED.

IT IS SO ORDERED.

Dated this 15th day of May, 2018.

Ronald B. Leighton
United States District Judge